UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL JOURNET, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  1:19-cv-00226-JDL |
| | ) |
| | ) |
| MATTHEW MAGNUSSON, | ) |
| | ) |
| Respondent | ) |

## RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION

In this action, Petitioner seeks relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) Petitioner argues that his state court conviction for trafficking of scheduled drugs should be vacated because the trial court improperly admitted evidence obtained after a warrantless arrest without probable cause. (Petition at 6 – 9.) The State contends that Petitioner's claim constitutes a Fourth Amendment challenge and that Petitioner is not entitled to habeas relief on the claim. (Answer at 4, ECF No. 3.) The State, therefore, asks the Court to dismiss the matter.

After a review of the section 2254 petition, the State's request for dismissal, and the record, I recommend the Court grant the State's request and dismiss the petition.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In March 2016, Petitioner was indicted on two counts of aggravated trafficking of scheduled drugs. (*State v. Journet*, Me. Super. Ct., KENCD-CR-2015-02439, Docket Record at 3, 11.) Petitioner subsequently filed a motion to suppress evidence, and after a hearing, the Superior Court denied the motion. In September 2017, Petitioner entered a

conditional guilty plea on one count of the indictment, preserving the right to challenge on appeal the suppression ruling. (*Id.* at 9.) The State dismissed the second count. (*Id.*) The Superior Court sentenced Petitioner in November 2017 to an eight-year term of imprisonment, with all but four years suspended, to be followed by four years of probation. (*Id.* at 11.)

Petitioner appealed to the Maine Law Court. (*State v. Journet*, Me. L. Ct., KEN-17-492, Docket Record at 1.) After oral argument, the Law Court affirmed the judgment of conviction.[1] *State v. Journet*, 2018 ME 114, 191 A.3d 1181.

## DISCUSSION

Pursuant to 28 U.S.C. § 2254(a), a person in custody pursuant to the judgment of a state court may apply to a federal district court for writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The Fourth Amendment right against unreasonable searches and seizures "has been declared enforceable against the States through the Due Process Clause of the Fourteenth [Amendment]," and therefore, "it is enforceable against them by the . . . sanction of exclusion [of the evidence] . . . ." *Mapp v. Ohio*, 367 U.S. 643, 655 (1961).

However, when a state prisoner has "been afforded the opportunity for full and fair consideration of their reliance upon the exclusionary rule with respect to seized evidence by the state courts" that prisoner "may not be granted federal habeas corpus relief on the

---

[1] The Law Court determined that the officers had probable cause to for the warrantless arrest based on information from a cooperating witness and evidence obtained during the execution of a search warrant of a residence that Petitioner was approaching in a vehicle at the time law enforcement stopped him. *Journet* at ¶¶ 18 – 23, 1185 – 87.

ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 489, 494 (1976). This approach "emphasizes the integrity of the state court proceedings and assumes that the state courts will be as diligent as the federal courts in protecting fourth amendment rights." *Palmigiano v. Houle*, 618 F.2d 877, 882 (1st Cir. 1980). Accordingly, the First Circuit has explained:

> Although a federal habeas court may inquire into the adequacy and fairness of available state court procedures for the adjudication of Fourth Amendment claims, its inquiry ordinarily ends upon a determination that those procedures pass muster. Put another way, "a full and fair opportunity" to litigate means that the state has made available to defendants a set of procedures suitably crafted to test for possible Fourth Amendment violations. So long as a state prisoner has had an opportunity to litigate his Fourth Amendment claims by means of such a set of procedures, a federal habeas court lacks the authority, under *Stone*, to second-guess the accuracy of the state court's resolution of those claims. Hence, the mistaken outcome of a state court suppression hearing, standing alone, cannot be treated as a denial of the opportunity fully and fairly to litigate a Fourth Amendment claim (and, thus, cannot open the door to federal habeas review).

*Sanna v. Dipaolo*, 265 F.3d 1, 8–9 (1st Cir. 2001) (internal citations omitted).

Here, Petitioner seeks habeas relief based on the trial court's decision on his request to suppress evidence.[2] Petitioner does not challenge the state procedures that govern the prosecution of his Fourth Amendment argument. Indeed, the record establishes that Petitioner had a full and fair opportunity to litigate his Fourth Amendment argument: he

---

[2] Petitioner invokes his Fourth Amendment rights, but he also cites his Fifth Amendment rights to due process and against self-incrimination. However, the only support he presented for the asserted Fifth Amendment violations was that the statements he made were the result of an arrest without probable cause, which is in substance a Fourth Amendment claim. *See e.g.*, *Rodriguez v. Municipality of San Juan*, 659 F.3d 168, 173 (1st Cir. 2011) ("[a] pleading will be judged by the quality of its substance rather than according to its form or label") (quoting 5 Wright & Miller, *Federal Practice and Procedure* § 1286, at 748 – 50, 758 (3d ed. 2004); *Arnaut v. Roden*, No. CIV. A. 09-10101-RGS, 2009 WL 6337948, at *7 (D. Mass. Oct. 26, 2009) ("Ground two alleges there was no probable cause for the traffic stop thereby raising in substance if not by name a Fourth Amendment claim").

3

had a hearing and presented written argument in the Superior Court; he also presented written and oral argument to the Law Court on his appeal. Accordingly, under *Stone*, Petitioner is not entitled to federal habeas relief on his claim that evidence obtained after an alleged unlawful arrest and search was admitted at trial.

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2254 Cases. I recommend the Court dismiss Petitioner's petition for habeas relief under 28 U.S.C. § 2254, and that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of September, 2019.